```
RECEIVED            IN THE UNITED STATES DISTRICT COURT
                     FOR THE MIDDLE DISTRICT OF ALABAMA
2005 AUG -2  P 4:37          NORTHERN DIVISION
```

UNITED STATES OF AMERICA,     :
                              :
          PLAINTIFF,           :
                              :
     v.                       :   CIVIL ACTION NO. 2:05cv720-m
                              :
ONE 2000 FORD F-150 TRUCK,    :
VIN 2FTRX07LXYCA71424,        :
WITH ALL APPURTENANCES        :
AND ATTACHMENTS THEREON,      :
                              :
          DEFENDANT.           :

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture in rem respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: a vehicle, One 2000 Ford F-150 Truck, VIN 2FTRX07LXYCA71424 (hereinafter, "Defendant vehicle"), which was seized on March 3, 2005, for violations of Title II of the Controlled Substances Act, Title 21, United States Code, Sections 801 et seq.

### JURISDICTION AND VENUE

2. The United States brings this action in rem in its own right to forfeit and condemn the Defendant vehicle under Title 21, United States Code, Section 881. This Court has jurisdiction over

this action under Title 28, United States Code, Sections 1345 and 1355.

3.   Venue is proper in this district pursuant to Title 28, United States Code, Section 1355 and Title 21, United States Code, Section 881(j), because, the acts or omissions giving rise to the forfeiture occurred in this district and the property is located within the Middle District of Alabama.

## THE DEFENDANT IN REM

4.   The Defendant vehicle consists of one 2000 Ford F-150 Truck, VIN: 2FTRX07LXYCA71424, which was seized on March 3, 2005, title to which is held in the name of CALVIN ANN SARTAIN (Sartain) and IRENE NUNN (Nunn).

## FACTS

5.   The facts and circumstances supporting the seizure of the Defendant vehicle are as follows:

   a)   On March 3, 2005, the Defendant Vehicle was seized from Michael Tyrone Cooper (Cooper) subsequent to his arrest. Cooper was arrested on an outstanding Grand Jury Indictment for Unlawful Distribution of a Controlled Substance. During a search incident to this arrest, two pieces of crack cocaine and a set of digital scales were recovered from Cooper's jacket pocket. Cooper was transported to jail in a law enforcement vehicle. At the jail,

a plastic bag containing approximately forty (40) grams of crack and powder cocaine was found on the floorboard between Cooper's feet.

      b) On July 11, 2003, Cooper sold a Cooperating Source (CS) approximately two grams of cocaine HCL. Cooper used Defendant Vehicle to transport drugs and to conduct and to facilitate this sale and the possession of illegal drugs.

      c) On July 7, 2004, Cooper attempted to elude agents using the Defendant Vehicle. Cooper was apprehended at his residence on Westlyn Avenue in Clanton, Alabama. At that time, Calvin Sartain, one of the registered owners of the Defendant Vehicle, was given verbal notification that Cooper was a drug dealer and that the Defendant Vehicle was being used to conduct and facilitate the illegal sale, transportation, and possession illegal drugs.

      d) In order to prevent law officials from discovering or seizing their assets, drug dealers often use a relative, or associate (who is not connected to the drug business) as a "straw" or nominee owner. The "straw" owner holds legal title to the property, but the true owner retains dominion, and control of the property. Agents have regularly observed Cooper in control fo the Defendant Vehicle.

## CLAIM FOR RELIEF

6.   The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 5 (d) above.

7.   The Defendant vehicle was used or intended to be used to transport, or facilitate the transportation, sale, receipt, possession or concealment of controlled substances in violation of Title 21, *United States Code,* Section 841 et seq.

8.   As a result of the foregoing, the Defendant vehicle is liable to condemnation and to forfeiture to the United States for its use, in accordance with Title 21, United States Code, Section 881(a)(4).

WHEREFORE, the United States of America requests that the Court issue a Warrant and Summons for the arrest and seizure of the Defendant vehicle; that notice of this action be given to all persons known or thought to have an interest in or right against the vehicle; that the Defendant vehicle be forfeited and condemned to the United States of America; that the United States of America be awarded its costs and disbursements in this action and, for such other and further relief as this Court deems proper and just.

4

Respectfully submitted this the 2nd day of August, 2005.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/ John T. Harmon
John T. Harmon [HAR108]
Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov