IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,  : | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv720-WC |
| | ) | |
| ONE 2000 FORD F-150 TRUCK, | ) | |
| VIN 2FTRX07LXYCA71424, | ) | |
| WITH ALL APPURTENANCES | ) | |
| AND ATTACHMENTS THEREON, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

Pursuant to the pretrial hearing held on 26 January 2007, the following action was thereupon taken:

    1.    **PARTIES AND TRIAL COUNSEL**:

    For the Plaintiff: John T. Harmon; and,

    For the Claimants: Joel S. Rogers, III.

    **COUNSEL APPEARING AT PRETRIAL HEARING**:

    Same As Trial Counsel.

    2.    **JURISDICTION AND VENUE**:

    Jurisdiction is predicated on 28 U.S.C. §§ 1345 and 1355.  Venue is proper as the Defendant property is physically located within the Middle District of Alabama.

    3.    **PLEADINGS**:  The following pleadings and amendments were allowed:

    a.    Verified Complaint for Forfeiture <u>In</u> <u>Rem</u>;

    b.    Warrant and Summons for Arrest <u>In</u> <u>Rem</u>;

      c.      Verified Claim of Owners by Calvin Ann Sartain and Irene Nunn;

      d.      Answer to Complaint for Forfeiture In Rem by Calvin Ann Sartain and Irene Nunn.

4.    **PLAINTIFF'S CLAIMS:**

The Defendant vehicle was used or intended to be used to transport, or facilitate the transportation, sale, receipt, possession or concealment of controlled substances in violation of 21 U.S.C. § 841 et seq.; therefore, the Defendant vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

On March 3, 2005, the Defendant vehicle was seized from Michael Tyrone Cooper (Cooper) subsequent to his arrest. Cooper was arrested on an outstanding grand jury indictment for unlawful distribution of a controlled substance. During a search incident to this arrest, two pieces of crack cocaine and a set of digital scales were recovered from Cooper's jacket pocket. Cooper was transported to jail in a law enforcement vehicle. At the jail, a plastic bag containing approximately forty (4) grams of crack and powder cocaine was found on the floorboard between Cooper's feet.

On July 11, 2003, Cooper sold a cooperating source (CS) approximately two grams of cocaine HCL. Cooper used the Defendant vehicle to transport drugs and to conduct and to facilitate this sale and possession of illegal drugs.

On July 7, 2004, Cooper attempted to elude agents using the Defendant vehicle. Cooper was apprehended at his residence on Westlyn Avenue in Clanton, Alabama. At that time, Calvin Sartain (one of the registered owners of the vehicle) was given verbal notification that Cooper was a drug dealer and that the Defendant vehicle was being used to conduct and facilitate the illegal sale, transportation, and possession of illegal drugs.

In order to prevent law enforcement officials from discovering or seizing their assets, drug dealers often use a relative or associate, not connected to the drug business, as a "straw" or nominee owner. The "straw" owner holds legal title to the property, but the true owner retains dominion and control of the property. Agents have regularly observed Cooper in control of the Defendant vehicle.

There is probable cause to believe that the Defendant vehicle is subject to forfeiture.

5.    **CLAIMANTS' DEFENSES:**

Claimants Calvin Ann Sartain and Irene Nunn bought and paid for the Ford truck with money of their own which was not obtained by any illegal means, especially not from any violation of the Controlled Substances Act. They allowed Michael Tyrone Cooper to drive this truck and were and are unaware of any alleged violation of said Act, only that it has been alleged that Michael Tyrone Cooper violated said Act. Calvin Ann Sartain and Irene Nunn are innocent owners of the 2000 Ford truck. Michael Tyrone Cooper has not been found guilty of any violation of the Controlled Substances Act resulting from the arrest and seizure of the 2000 Ford truck at this time. It is therefore

ORDERED by this court that all of the above-named allowances and agreements be and the same are hereby, binding upon all parties in the above-styled cause unless this Order be hereafter modified by Order of the court.

DONE this 26th day of January, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE